# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| BRYAN ANDREWS,<br><br>    Plaintiff,<br>  v.<br>OFFICER R. JUNG, individually and in his capacity as an Officer for the City of Berkeley Police Department; OFFICER LATHROP, individually and in his capacity as an Officer for the City of Berkeley Police Department; OFFICER TALCOTT, individually and in his capacity as an Officer for the City of Berkeley Police Department; DOES 1-10, inclusively, individually and in their capacity as officers for the City of Berkeley Police Department, ,<br><br>    Defendants.<br>_____/ | No. C 12-04614 LB<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW**<br><br>[ECF No. 13] |

## INTRODUCTION

Plaintiff is represented by the law offices of John Burris. On February 13, 2013, they moved to withdraw for the reasons in counsel's declaration at ECF No. 13. The court held a hearing on April 18, 2013 and grants the motion.

## ANALYSIS

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The local rules further provide that if the client does not

C 12-04614
ORDER

consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw shall be granted on the condition that all papers from the court and from the opposing party shall continue to be served on that party's current counsel for forwarding purposes until the client appears by other counsel or *pro se* if the client is not a corporate defendant. N.D. Cal. Civ. L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PHJ, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009) (citation omitted). California Rule of Professional Conduct 3-700(c) sets forth several grounds under which an attorney may request permission to withdraw, including if the client breaches an agreement or obligation to its counsel as to expenses or fees. Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(f); *j2 Global Commc'ns, Inc.*, 2009 WL 464768, at *2 (holding withdrawal is proper where client failed to pay an unspecified amount of attorney's fee and client refused to communicate with its attorney despite attorney's multiple attempts to contact him).

An attorney may also request withdrawal on the basis of "other conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively," such as a client's failure to communicate with its attorney. Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(d); *j2 Global Commc'ns, Inc.*, 2009 WL 464768, at *2. The decision to grant or deny a motion to withdraw is discretionary with the court, and the court can use "its discretion to deny an attorney's request to withdraw where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, No. C 03-05495 THE, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (*citing Mandel v. Superior Court*, 67 Cal. App. 3d 1, 4 (1977)) (holding there was no prejudice or undue delay to client where counsel provided sufficient notice of its intent to withdraw and where no trial date had yet been set in the case).

At the hearing, Mr. Lacy confirmed that he had complied with the local rules' requirement that he serve written notice reasonably in advance to the client. The declaration otherwise establishes a valid reason to withdraw.

On this record, the court finds good cause to allow counsel to withdraw. Because Mr. Andrews did not appear today (even though the court ordered that appearance), it is not clear that he has

agreed to proceed *pro se*, and he did not file a notice of substitution of counsel. Thus, the motion is granted on the condition that the Law Offices of John Burris and Mr. Lacy continue serve on Plaintiff all papers from the defendants and the court until Plaintiff files a substitution of counsel as provided by Civil Local Rule 11-5(b). Mr. Andrews may appear *pro se*, but he must file either a notice of his intention do so or a substitution of counsel by May 9, 2013.

**CONCLUSION**

The court GRANTS the motion to withdraw. The next appearance on May 16, 2013 will operate as an initial case management conference statement. The parties may rely on the currently-filed statement for dates and may submit an update with only new information.

This disposes of ECF No. 13.

**IT IS SO ORDERED.**

Dated: April 18, 2013

LAUREL BEELER
United States Magistrate Judge