UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYAN ANDREWS, | No. C 12-4614 LB |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS** |
| OFFICER R. JUNG, *et al.*, | [Re. ECF No. 38] |
| Defendants. _____/ | |

## INTRODUCTION

Plaintiff Bryan Andrews, who now is representing himself, sues three named Berkeley police officers and Doe officers 1 through 10, claiming that they unlawfully arrested and detained him, and did so with excessive force, in violation of 42 U.S.C. § 1983 and the United States Constitution. *See* First Amended Complaint ("FAC"), ECF No. 20.[1] The original complaint, which was timely filed under the two-year statute of limitations that applies to section 1983 claims, contained a similar section 1983 claim and identical fact allegations, but it named only Doe officers (and not named officers). *See* Complaint, ECF No. 1. The named officers now move for judgment on the pleadings on the ground that the FAC, which was filed more than two years after the arrest, does not relate

---

[1] Citations are to the Electronic Case file ("ECF") with pin cites to the electronically-generated page numbers as the bottom of the document.

back because Plaintiff should have substituted them in as defendants in the original complaint instead of filing a new complaint. *See* Motion, ECF No. 38 at 2.

For the reasons stated below, the court **DENIES** the officers' motion.[2]

## STATEMENT

### I. FACT ALLEGATIONS IN COMPLAINT

On September 2, 2012 at approximately 10 p.m., Mr. Andrews was crossing Durant Street in Berkeley, California. FAC, ECF No. 20, ¶¶ 12-14. He was headed to a restaurant named La Burritta to pick up some food. *Id.* ¶ 13. As he was crossing the street, a Berkeley Police Department patrol car pulled up. *Id.* ¶ 14. A Berkeley Police officer got out of the patrol car and ran toward Mr. Andrews. *Id.* Mr. Andrews stooped down with his hands behind his back to allow officers to easily handcuff him. *Id.* ¶ 15. Several officers handcuffed and hog-tied him, and approximately 11 officers kicked and hit him at once. *Id.* ¶ 16. An officer repeatedly placed a metal object in Mr. Andrews's mouth and yelled, "Stand clear, the projectile is going to cause blood spatter." *Id.* ¶ 17.

Fearing for his life, Mr. Andrews began to yell for help. *Id.* ¶ 18. Someone put a bag over his head, muffling his cries. *Id.* ¶ 18. While he was hog-tied, the police officers cut off Mr. Andrews's clothing. *Id.* ¶ 19. They carried Mr. Andrews to the patrol car and repeatedly slammed his body against the door. *Id.* The police officers' use of force caused bruising and lacerations to Mr. Andrews's body. *Id.* ¶ 23. Mr. Andrews was taken to Alta Bates Hospital because of the injuries he sustained when the police officers kneed and hit him with their fists in his "back and rib area." *Id.* ¶ 20. Later, he was transferred by ambulance to Kaiser Hospital in Oakland. *Id.* ¶ 21. Mr. Andrews alleges that he suffered physical and emotional damage and "has remaining anxiety and fear generated by this incident." *Id.* ¶ 24.

### II. PROCEDURAL HISTORY

On September 4, 2012, Mr. Andrews, who then was represented, filed the original complaint

---

[2] The undersigned finds this matter suitable for disposition without a hearing under N.D. Cal. Civil L.R. 7-6.

against the Berkeley Police Department, the City of Berkeley, Michael Meehan "in his capacity as Chief for the City of Berkeley" and "DOES 1-100, inclusive; individually and in their capacities as OFFICERS for the CITY OF BERKELEY."[3] Complaint, ECF No. 1 at 1. The original complaint alleged ten claims, all against "Defendants and DOES." *See id.* at 4-13. The first three claims alleged constitutional violations under 42 U.S.C. § 1983 (direct deprivation of rights for claim one and deliberative indifference and *Monell* theories for claims two and three) and the remaining claims four through ten alleged assault and battery, false arrest and imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, and violations of California Civil Code §§ 51.7 and 52.1. *Id.* On October 24, 2012, the parties filed a stipulation and proposed order to dismiss claims four through ten on the ground that Plaintiff had not filed a pre-lawsuit tort claim with the City of Berkeley, *see* Stipulation and Proposed Order, ECF No. 5, which meant that the claims are barred under the California Tort Claims Act, *see* Cal. Government Code §§ 905 and 945.4.

The case then suffered some procedural delays apparently in part due to Plaintiff's counsel's intent to withdraw. *See* 12/20/12 Defendants' Case Management Conference Statement, ECF No. 11 at 1. That same case management statement reflects the parties' discussions that (1) the complaint needed to be amended to drop the tort claims and to amend other defects, (2) Defendants' counsel was prepared to file a 12(b)(6) motion to dismiss, and (3) Plaintiff's counsel had agreed to amend instead. *Id.; accord* 1/24/13 Defendants' Case Management Conference Statement, ECF No. 12 at 2. Eventually, after trying to obtain a joint case management conference statement, the court held a case management conference on February 21, 2013, and only Defendants' counsel appeared. *See* 2/21/13 Minute Order, ECF No. 16. At the hearing, the court discussed how the stipulation to dismiss the claims was procedurally irregular. *See id; see also* 3/6/13 Order, ECF No. 19 (denying the stipulation to dismiss the claims and holding that while a plaintiff may dismiss an action voluntarily before an answer, the correct procedure for dismissing individual claims in a

---

[3] Though the caption refers to "DOES 1-100," the complaint refers only to "DOES 1 through 25." *See, e.g.,* ECF No. 1, ¶ 6.

multi-claim complaint is to seek leave to file an amended complaint) (*citing Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988), and *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 688-90 (9th Cir. 2005)). The court gave Defendants – who had not answered the complaint (presumably due to all the difficulties with Plaintiff's counsel) – leave to file a motion to dismiss, which ultimately was with Plaintiff's counsel's agreement. *See* 2/21/13 Minute Order. That cured any issue regarding Defendants' failure to timely answer or move to dismiss the FAC.

On March 1, 2013, Defendants moved to dismiss for failure to state a claim and to strike superfluous allegations in the complaint on the following grounds: (1) the Chief and the City were improper defendants under claim one because they can be liable only under a *Monell* theory; (2) claims one through three contained improper allegations beyond the scope of the Fourth Amendment claim; (3) claim three duplicated claim two; and (4) the seven state claims were tort claims that were barred under Government Code sections 905 and 945.4 for failure to file a pre-lawsuit claim. Motion, ECF No. 18. On March 7, 2013, as a matter of right, *see* Fed. R. Civ. P. 15(a)(1) and *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir. 1995), Mr. Andrews filed the FAC. *See* FAC, ECF No. 20. The factual allegations in the FAC are identical to those in the original complaint. *Compare* FAC, ¶¶ 12-25, *with* Compl., ¶¶ 11-24. The FAC alleges only one section 1983 claim for the allegedly unlawful arrest, detention, and excessive force, and it names only three police officers and Doe officers 1 through 10. *Id.* ¶ 29. Thus, the FAC essentially fixed the prior complaint to conform to the parties' prior stipulation and Defendants' other challenges to the original complaint. The officers filed their answer to the FAC on March 28, 2013. Answer, ECF No. 23.

On April 18, 2013, the court granted Mr. Andrews' counsel's unopposed motion to withdraw. *See* ECF No. 26. Mr. Andrews now represents himself. On July 8, 2013, Defendants moved for judgment on the pleadings. *See* ECF No. 38. Mr. Andrews did not file an opposition. *See* Docket.

## ANALYSIS

Defendants argue that judgment on the pleadings is appropriate because the FAC was not timely filed within two years of the allegedly unlawful arrest. *See* Motion, ECF No. 38 at 1. Defendants agree that the original complaint was timely, but they argue that the FAC does not relate back

because Mr. Andrews did not substitute in Doe officers (as he should have) and instead filed an amended complaint that supersedes the original complaint. *See id.* at 2.

The statute of limitations for a section 1983 claim is the forum state's statute of limitations for personal injury causes of action, which in California is two years. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Defendants concede that the first complaint was timely filed within two years. *See* Motion, ECF No. 38 at 2. The officers were named for the first time in the FAC filed on March 7, 2013. The issue is whether this amended complaint relates back to the filing date of the original complaint. If so, it is timely under the statute of limitations, and if not, it is time-barred.

A Section 1983 claim is governed by the relation back provisions of California state law. *See Merritt v. County of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989); *Norgart v. Upjohn Co.,* 21 Cal. 4th 383, 408–09 (1999) ("The relation-back doctrine requires that the amended complaint must (1) rest on the same general set of facts, (2) involve the same injury, and (3) refer to the same instrumentality, as the original one.").

An amended complaint that adds a new defendant does not relate back to the date of the original complaint, and the statute of limitations is applied as of the date the amended complaint is filed. *See Woo v. Superior Court*, 75 Cal. App. 4th 169, 176 (1999). An exception is that under California law, a plaintiff who names a Doe defendant, and alleges in the complaint that he does not know the defendant's true name, has three years to discover the identify of the Doe defendant, to amend the complaint, and to effect service of the complaint. *See Lindley v. General Electric Co.*, 780 F.2d 797, 799 (9th Cir. 1986) (citing Cal. Code Civ. P. § 474); Cal. Code Civ. P. § 474 ( "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly . . . ."). "If the requirements of section 474 are satisfied, the amended complaint substituting a new defendant for a fictitious Doe defendant filed after the statute of limitations has expired is deemed filed as of the date the original complaint was filed." *Woo*, 75 Cal. App. 4th at 176 (citation omitted).

Defendants argue here that under California Code of Civil Procedure § 474, Mr. Andrews "was required to substitute the true names of Doe defendants into the *original* complaint (and cannot

1  simply add them to the [FAC])". Motion at 2-3 (emphasis in original).[4]

2  The court will not apply such a literal reading of the rule especially in the procedural context of
3  this case. The Ninth Circuit has explained that strict compliance with section 474 is not required
4  and that "California's policy in favor of litigating cases on the merits requires that the fictitious
5  name statute be liberally construed." *See Lindley*, 780 F.2d at 801 (citation omitted); *see also*
6  *Reynolds v. Verbeck*, No. C 05-05201 CRB, 2006 WL 3716589, at *4 (N.D. Cal. Dec. 15, 2006)
7  (rejecting a similar argument and noting that "the determination of whether the new defendants were
8  added or substituted is left to the Court's discretion").

9  The other point is that it was always contemplated that Plaintiff's counsel would file an amended
10 complaint to sure the deficiencies in the complaint that Defendants identified rather than requiring
11 Defendants to file a motion to dismiss. *See* Defendants' 12/20/13 and 1/24/13 Case Management
12 Conference Statements, ECF Nos. 11 at 2 and 12 at 2. The only reason that the motion to dismiss
13 was filed was because the court gave cover at the February 21, 2013 status conference to the
14 Defendants to file a motion to dismiss, even though Defendants had failed to timely file an answer or
15 a motion to dismiss. *See* 2/21/13 Minute Order, ECF No. 16. This discussion was explicit on the
16 record. While the court's view is that this process was appropriate, and Plaintiff's counsel
17 essentially agreed to it (as manifested in the hearing on the motion to withdraw and by the filing of
18 the amended complaint), still, the court's process benefitted Defendants. Furthermore, there is no
19 prejudice because the officers are represented by the same counsel. It also was the court's
20 preference that a new complaint be filed to omit the tort claims (as opposed to the parties' stipulated
21 order to dismiss the claims). Finally, Plaintiff's counsel fixed all of the problems that Defendants

---

[4] In support of their argument, Defendants cite *Meller & Snyder v. R& T Properties*, 62 Cal. App. 4th 1303, 1311, 1313 (1998), but that does not compel the result they seek. There, the court remanded to the trial court to consider "[w]hether plaintiff properly invoked section 474 to amend its complaint and name [another entity] as a fictitious defendant . . . ." *See id*. at 1313 (parties can amend to cure technical defects or substitute true names of Doe defendants but they cannot amend the complaint to raise new issues of fact giving rise to different legal obligations). The basic section 1983 claim in the FAC is the same as in the original complaint (minus superfluous allegations), and it is based on identical fact allegations.

C 12-4614 LB
ORDER
6

UNITED STATES DISTRICT COURT
For the Northern District of California

identified and exited the case with a clean complaint. *See* FAC, ECF No. 20.

For all of these reasons, the court denies the motion for judgment on the pleadings.

## CONCLUSION

Defendants' motion for judgment on the pleadings is DENIED. This disposes of ECF No. 38.

The case remains on the court's calendar for a case management conference on August 15, 2013 at 11 a.m. The parties must file their case management statement and any additions to their previously-proposed schedule by August 8, 2013. They may change the case management conference by stipulation.

Dated: August 6, 2013

_____
LAUREL BEELER
United States Magistrate Judge

C 12-4614 LB
ORDER

7