UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

BRYAN ANDREWS,

        Plaintiff,

   v.

CITY OF BERKELEY, *et al.*,

        Defendants.

_____/

No. C 12-04614 LB

**ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTION**

[ECF No. 62]

### INTRODUCTION

Mr. Andrews, with the assistance of counsel, sued Berkeley police officers in this 42 U.S.C. § 1983 action for wrongful arrest and excessive force in violation of the Fourth Amendment. *See* Complaint, ECF No. 20. He now represents himself. *See* 3/6/13 Order, ECF No. 19. The claim stems from his encounter with the police on September 2, 2010, after he called 911, saying that he was being robbed, and thereafter was placed into protective custody under California Welfare and Institutions Code section 5150. Defendants move for summary judgment and served Mr. Andrews. Despite being advised of the requirements for a summary judgment motion, and – in several previous orders to show cause – of the consequences of not prosecuting his case, *see, e.g.,* ECF Nos. 37, 43, 54, 59, and 60, Mr. Andrews has not opposed the summary judgment motion. Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the June 18, 2014 hearing. For the reasons discussed below, the court grants the motion

C 12-04614 LB
ORDER

1 for summary judgment.

## ANALYSIS

### I. LEGAL STANDARD

The court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248-49.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting *Celotex*, 477 U.S. at 325).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. *Nissan Fire & Marine Ins. Co., Ltd.*, 210 F.3d at 1103. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. *See Devereaux*, 263 F.3d at 1076. If the non-moving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. *See Celotex*, 477 U.S. at 323.

In ruling on a motion for summary judgment, inferences drawn from the underlying facts are

viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. PLAINTIFF'S SECTION 1983 CLAIM

The motion for summary judgment is unopposed. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494–95, n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), *rev'd on other grounds sub nom. Degen v. United States*, 517 U.S. 820 (1996).

To state a claim under § 1983, a plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct violated a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988). It is undisputed that the police officers were acting under color of state law, and Mr. Andrews's claim is that the officers violated his Fourth Amendment right to be free from unreasonable searches and seizures and excessive force under the Fourth Amendment.. Thus, the issue before the court is whether the force used during his seizure was "objectively reasonable." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001) (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989)).

"Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (internal citations and quotations omitted). To do so, a court must evaluate "the facts and circumstances of each particular case, including [(1)] the severity of the crime at issue, [(2)] whether the suspect poses an immediate threat to the safety of the officers or others, and [(3)]

whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)).

The papers in support of the motion for summary judgment show that the Berkeley police acted appropriately when taking Mr. Andrews into protective custody and used a reasonable amount of force under the Fourth Amendment. Mr. Andrews called 911, saying that he was being robbed near Blondie's Pizza in Berkeley. Police officers responded, but Mr. Andrews spoke in a confused, unintelligible, and delusional manner, and he was sweating profusely even though it was about 60 degrees outside. Officers determined that he should be taken into protective custody, and he tried to run. Thereafter, officers took him to the ground, handcuffed him, and transported him to the hospital. No one struck Mr. Andrews at any time, but because he continued to resist, they had to restrain him with a protective WRAP. *See* Orebic Decl. ¶ 2, Ex. A (911 calls); Jung Decl. ¶¶ 4-11; Lathrop Decl. ¶ 7. There are poorly-lit videos of the incident from a bystander's cell phone. Orebic Decl. Ex. E (the videos). The officers sound calm and there is no suggestion of unreasonable force.

During his deposition, Mr. Andrews confirmed that it was his voice on the 911 call. He has no recollection of calling 911, the alleged robbery, talking with the officers, or resisting them. Andrews Dep., Orebic Decl. Ex. B at 57-61, 69. He testified that during the two-hour period before the incident, he consumed four drinks of hard alcohol of two to four ounces of alcohol each, smoked marijuana, and might have smoked cocaine mixed in with the marijuana since he did not roll the "blunt" himself. *Id.* at 31, 40, 42, 102-03

The hospital records (which Defendants submitted with the appropriate custodial declarations) show that when he arrived at Alta Bates, Mr. Andrews was "disoriented or irrational" and "aggressive or violent" such that he was placing himself or others in danger. Orebic Decl. Ex. C-1. He was restrained and held in protective custody under Welfare and Institutions Code section 5150. He could not follow verbal directions. *Id.* He was transferred to Kaiser, where he was diagnosed with acute cocaine intoxication and being in an agitated delirium and admitted to the hospital for the condition, which apparently caused acute kidney failure. Orebic Decl. Ex. C-2. The chart says that he told the doctor the next day that he snorts cocaine, and the doctor explained that the patient became "agitated with delusions and paranoia when intoxicated with cocaine." *Id.* Plaintiff

1  admitted that he "can't recall details of what happened last night." *Id.* The doctor lifted the 5150

2  hold and explained the risks of cocaine including renal failure. *Id.* Defendants point out that the

3  same thing happened two years later, when Mr. Andrews was again taken into protective custody

4  and admitted to the hospital with acute cocaine intoxication and delirium, and it took six days to

5  stabilize him. Orebic Decl. Ex. D; Jung Decl. ¶ 6.

6  Plaintiff contends that the handcuffs caused cuts and abrasions on his wrists, but he admits that

7  he does not know if he was injured from forcefully pulling on the handcuffs when cuffed to a gurney

8  at the hospital. Andrews Dep., Orebic Decl. Ex. B at 74, 78.

9  Under the totality of the circumstances, the police had probable cause to take Andrews into

10  protective custody. Indeed, as the Berkeley City Attorney remarked at a hearing, it is likely that by

11  doing so, they saved Mr. Andrews's life. Moreover, given Mr. Andrews's struggling to get away,

12  the force used was reasonable.

13  Mr. Andrews also claims in the complaint that the force was excessive in violation of the 14th

14  Amendment. The Fourteenth Amendment's substantive due process clause protects against the

15  arbitrary or oppressive exercise of government power. *See County of Sacramento v. Lewis*, 523 U.S.

16  833, 845-46 (1998). "[T]he Due Process Clause is violated by executive action only when it can be

17  properly characterized as arbitrary, or conscience shocking, in a constitutional sense." *Id.* at 845-47;

18  *see Lemire v. Cal. Dept. Of Corrections & Rehabilitation*, 726 F.3d 1062, 1075 (9th Cir. 2013). The

19  cognizable level of executive abuse of power is that which "shocks the conscience" or "violates the

20  decencies of civilized conduct." *Lewis*, 523 U.S. at 846. Mere negligence or liability grounded in

21  tort does not meet the standard for a substantive due process decision. *Id.* at 849. Where a law

22  enforcement officer makes a snap judgment because of an escalating situation, his conduct may be

23  found to shock the conscience only if he acts with a purpose to harm unrelated to legitimate law

24  enforcement objectives." *Hayes v. County of San Diego*, 736 F.3d 1223, 1230 (9th Cir. 2013) (citing

25  *Wilkinson*, 610 F.3d at 554). The summary judgment papers establish that the police officers'

26  conduct did not violate the Fourteenth Amendment.

27  Finally, the complaint also alleges an Equal Protection violation. There is no evidence of any

28  discrimination against Mr. Andrews. *See City of Cleburne v.Cleburne Living Center*, 473 U.S. 432,

C 12-04614 LB
ORDER

5

1  439 (Equal Protection Clause requires that "all persons similarly situated should be treated alike").

2  In sum, Defendants' unopposed summary judgment papers establish that they did not violate Mr. Andrews's rights, and there is no genuine issue of material fact evident from the papers or the record otherwise before the court.

## CONCLUSION

The court grants Defendants' motion for summary judgment.

This disposes of ECF No. 62. The clerk of the court shall close the file.

**IT IS SO ORDERED.**

Dated: June 12, 2014

_____
LAUREL BEELER
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California

C 12-04614 LB
ORDER

6